BENJAMIN R. LYON AND OTHERS, PLAINTIFFS IN ERROR V. JAMES
AUCHINCLOSS AND COMPANY.

Bail was entered in the district court of the United States for the eastern district of Louisiana, for a defendant, against whom a suit was brought on certain promissory notes. The bail having been fixed, proceedings were afterwards commenced against them; and a defence was taken by them, on the ground that the plaintiff had made himself a party to a proceeding under the insolvent laws of Louisiana, which the principal had instituted against his creditors, and in which he had failed to obtain the relief allowed by those laws; a judgment having been given against him on his petition in the district court, in which they were institu ed, and in the supreme court of Louisiana, to which he carried them by appeal. *Held*, that if the benefit of the insolvent laws had been extended to the principal, before the bail was fixed by proceedings against the principal, it might have become a question whether they were not discharged under the rule laid down by the Court, in the case of Beers v. Haughton, 9 Peters, 329. But as the proceedings of the principal for the benefit of those laws, were dismissed on objections of the creditors; both in the district and supreme court of Louisiana; the bail can claim no exemption from the obligations of their bond, on account of these proceedings.

IN error to the district court of the United States for the eastern district of Louisiana.

This case was argued at the January term, 1837, by Mr. Butler, for the plaintiffs, and by Mr. Key, for the defendants; and was held under advisement until this Court; an examination of the rules of practice established by the district judge of the United States of the district of Louisiana, having been considered proper. The case is fully stated in the opinion of the Court.

Mr. Justice M'LEAN delivered the opinion of the Court.

This case is before this Court, from the district court for the eastern district of Louisiana, on a writ of error.

An action was brought by Auchincloss & Co., against Nathaniel M. Riker, on certain promissory notes, amounting to twenty-five hundred and forty-five dollars. The defendant was arrested on a capias, and gave bond, with sureties, in the penal sum of three thousand five hundred dollars; that, should he be cast in the suit, he would pay the judgment, or surrender himself in execution to the marshal.

At the May term, 1835, a judgment in favour of the plaintiffs,

was entered in the case; and in June following, a writ of fieri facias was issued on the judgment, which was returned, "no property found."

In December, of the same year, a capias ad satisfaciendum was issued, which was returned by the marshal, that "the defendant could not be found."

And afterwards, in February term, 1836, on motion of plaintiffs' counsel, and on showing to the court that a ca. sa. had been issued and returned "non est inventus," it was ordered that the defendants' bail, Abraham B. Walker, Benjamin R. Lyon, and Pierre L. Baucher, and Charles Gardiner, executors of P. P. Hall, show cause why judgment should not be entered against them, &c. And at the same term, B. R. Lyon, one of the bail, appeared by counsel, and reserving to himself the benefit of all exceptions to the rule taken in the case, filed the following pleas.

1. He admits his signature to the bond sued upon, but denies that it creates any obligation, whereupon he files the general issue.

2. That the said Auchincloss has made himself a party to the insolvent proceedings of the defendant, Riker, in this state, and is bound thereby, &c,

On the first of March following, the court having maturely considered the rule taken on the bail of the defendant, order and adjudge that the same be made absolute; and a judgment is entered against the bail.

In the course of the trial, the defendants offered in evidence the record of a suit in the first district of the state, entitled "N. M. Riker v. His Creditors," to prove that plaintiffs had made themselves parties to the proceedings in the said suit; to the introduction of which record the plaintiffs objected, on the following grounds:—

1. That if defendant were present, he could not avail himself of said record; and that his sureties could not.

2. That the defendants did not offer the record to prove the discharge of Riker by his creditors, under the state insolvent laws; and that it could not be offered for any other purpose.

3. That it was admitted opposition had been made in the state court by the creditors of Riker, which the court sustained; and that he appealed to the supreme court, where his suit against his creditors was dismissed. That the record offered, contained only the proceedings which were had in the inferior court; but the court overruled the objections, and admitted the record as evidence.

And the counsel for the bail moved the court that they be discharged, as it appeared that Auchincloss, by his attorney, made opposition to the proceedings of Riker against his creditors, as shown by the record in evidence; but the court overruled the motion: and to this ruling of the court the defendants excepted.

This proceeding against the bail is in conformity to the Louisiana practice.

By the record admitted in evidence, it appears that Riker, in May, 1835, filed his petition in the first judicial district court of Louisiana, representing his embarrassed condition, and his inability to pay his debts; and he prayed that a meeting of his creditors should be called, to whom a surrender of his property could be made; and that the relief given by law to unfortunate debtors, might be extended to him. A schedule of the debts against him, and of his property, and the debts due to him, was filed; and objection being made by his creditors, to the relief prayed for, it was refused by the court. And from this judgment of the court, an appeal was taken by Riker, to the supreme court of the state.

The result of this appeal is stated in the first bill of exceptions, as admitted by the parties.

It appears, by a certified copy of the rules made by the district judge, since 1824, that the insolvent laws of Louisiana have been adopted; but this was not done until subsequent to the rendition of the judgment against the bail in this case.

This Court have had frequent occasion to consider the act of 26th May, 1824, which authorizes the district judge of Louisiana to make rules of practice; but until such rules shall be adopted, it provides that the modes of proceeding, in civil causes in the district court, shall be conformable to the laws directing the mode of practice in the district courts of the state.

If the benefit of the insolvent law had been extended to Riker before the bail were fixed, it might have become a question whether they were not discharged, under the rule laid down by this Court in the case of Beers and others v. Haughton, 9 Peters, 329. But, as the proceedings of Riker against his creditors were dismissed, on their objections, both in the district and supreme court; the bail can claim no exemption from the obligations of their bond, on account of these proceedings. A judgment has been obtained against Riker, which he has not satisfied, nor surrendered himself in discharge of his bail; and they have taken no steps to discharge themselves,

[Lyon et al. v. Auchincloss & Co.]

either by paying the judgment or surrendering their principal. The judgment against the bail must, therefore, be affirmed, with costs.

This cause came on to be heard on the transcript of the record from the district court of the United States for the eastern district of Louisiana, and was argued by counsel. On consideration whereof, it is now here adjudged and ordered by this Court, that the judgment of the said district court in this cause be, and the same is hereby affirmed, with costs and damages, at the rate of six per cent. per annum.